# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Debbie DuPont,                                    Civil No. 12-2126 (MJD/SER)

        Plaintiff,

v.                                               **DEFENDANT'S PROPOSED REVISIONS TO THE COURT'S FIRST DRAFT JURY INSTRUCTIONS**

Allina Health System,

        Defendant.

---

Dated:  February 28, 2014.     FELHABER LARSON

By: /s/Sara Gullickson McGrane
    Sara Gullickson McGrane #233213
    Randi J. Winter, #391354
    220 South Sixth Street, Suite 2200
    Minneapolis, Minnesota 55402
    Telephone: (612) 373-8511
    Fax: (612) 338-0535
    smcgrane@felhaber.com
    rwinter@felhaber.com

    ATTORNEYS FOR DEFENDANT
    ALLINA HEALTH SYSTEM

## JURY INSTRUCTION NO. 5.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including individuals and non-profit corporations, stand equal before the law, and are to be treated as equals.[1]

---

[1] Missing qualifier from O'Malley instruction explaining that individuals and corporations are to be treated the same. Use of "person" alone could be confusing and/or misleading. See 3 Kevin F. O'Malley, et al., Federal Jury Practice & Instructions § 103.12 (6th ed. 2011).

Draft No. 1                     2

## JURY INSTRUCTION NO. 8.

The parties have stipulated — that is, they have agreed — that certain facts are as counsel have stated. You should, therefore, treat those facts as having been proved.

The parties stipulate the following:

- Plaintiff was employed at the St. Francis Regional Medical Center from 1976 to July 2012.

- Plaintiff was born in 1960 with hearing and visual impairments and a heart murmur.

- Plaintiff is deaf in her left ear and wears a hearing aid in her right ear.

- Plaintiff is blind in her right eye, has limited vision in her left eye, and occasionally wears corrective lenses.[2]

---

[2] The record does not support this.

Draft No. 1                                      3

# JURY INSTRUCTION NO. 11.

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked or any of my reactions to any answer provided by a witness.

## JURY INSTRUCTION NO. 13.

Your verdict must be for Plaintiff and against Defendant as to her claim of disability discrimination if all of the following elements have been proved:

*First,* the Plaintiff has vision and hearing impairments;

*Second,* such impairments substantially limited Plaintiff's ability to see and hear;

*Third,* Defendant terminated Plaintiff's employment;

*Fourth,* Plaintiff could have performed the essential functions of the Environmental Services Aide position ~~with or without reasonable accommodation~~ at the time her position was terminated; and

*Fifth,* Defendant knew of Plaintiff's vision and hearing impairments and Plaintiff's vision and hearing impairments ~~played a part~~was a motivating factor in the Defendant's decision to terminate Plaintiff's employment.

If any of the above elements has not been proved, or Defendant is entitled to a verdict under Instruction No. 18 ("Undue Hardship"), then your verdict must be for Defendant.[3]

---

[3] "with or without reasonable accommodation" is not included in the 8th Circuit Model Instruction § 9.40. In addition, the Committee's "Notes on Use" to § 9.40 provide, "'Motivating factor' is the proper phrase to use in the instruction, and the Committee recommends that the definitions set forth in Model Instruction 5.21 be given." See 8th Circuit Model Instructions § 9.40 and Notes at 166-67. Committee notes further provide that reference must be made to Defendant's affirmative defense instruction when appropriate. Id. at 168.

**JURY INSTRUCTION NO. 15.**

You may find that Plaintiff's ~~vision and hearing impairments~~disability ~~played a part~~ was a motivating factor in Defendant's decision to discharge Plaintiff if it has been proved that Defendant's stated reasons for its decision are not the real reasons, but are a pretext to hide disability discrimination.[4]

---

[4] Under the ADA and MHRA, "impairment" is not the equivalent of a disability. It is Plaintiff's burden to demonstrate her impairments render her disabled because they substantially limit one or more major life activities. Using the phrase "vision and hearing impairments" eliminates this burden. The Model Instruction provides for the use of the individual's protected class (e.g., age, race, sex, or disability) in the first sentence. In addition, committee comments note that "motivating factor" is preferred over "played a part." 8th Cir. Civil Jury Instr. § 5.20 (unmodified).

**JURY INSTRUCTION NO. 16.**

Your verdict must be for Plaintiff and against Defendant as to her failure to accommodate claim if all of the following elements have been proved:

*First,* Plaintiff has vision and hearing impairments;

*Second,* Plaintiff's vision and hearing impairments substantially limited her ability to see and hear;

*Third,* Defendant knew of the Plaintiff's impairments;

*Fourth,* Plaintiff could have performed the essential functions of her job at the time Defendant discharged Plaintiff if she had been provided with reasonable accommodation;

*Fifth,* providing such accommodation would have been reasonable; and

*Sixth,* Defendant failed to provide Plaintiff with any reasonable accommodation.

If any of the above elements has not been proved, then your verdict must be for Defendant.[5]

---

[5] "Substantially" included in Model Instruction and required under the law. 8th Cir. Civil Jury Instr. § 9.42.

7

## JURY INSTRUCTION NO. 17.

The term "~~reasonable~~ accommodation" means making modifications to the work place that allows a person with a disability to perform the essential functions of the job or allows a person with a disability to enjoy the same benefits and privileges as an employee without a disability.[6]

~~The term "reasonable accommodation" does not include efforts that would cause an undue hardship on Defendant.~~

A "reasonable" accommodation is one that could reasonably be made under the circumstances and may include but is not limited to: making existing facilities used by employees readily accessible to and usable by individuals with disabilities; job restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modifications of equipment or devices; appropriate adjustments or modifications of examinations, training materials, or policies; the provision of qualified readers or interpreters; and other similar accommodations for individuals with disabilities.[7]

Although job restructuring is a possible accommodation, an employer need not reallocate or eliminate the essential functions of a job. In addition, an employer is not obligated to hire additional employees or reassign existing workers to assist an

---

[6] Exact quote from 8th Cir. Civil Jury Instr. Committee Comments at 174. Identical to the Court's draft instruction, except for deletion of the word "reasonable." "Reasonableness" is a separate issue. An accommodation is not automatically "reasonable" by virtue of the fact that it is a modification to the work place.

[7] Exact quote from 8th Cir. Civil Jury Instr. Committee Comments at 174 (citing 29 C.F.R. § 1630.2(o); Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112-13 (8th Cir. 1995)).

employee. Likewise, an employer is not required to provide an accommodation that would cause other employees to work harder, longer, or be deprived of opportunities.[8]

An employer is not obligated to provide an employee the accommodation she requests or prefers. The employer need only provide some reasonable accommodation.[9]

---

[8] Quote from 8th Cir. Civil Jury Instr. Committee Comments at 174-75 (citations omitted), modified only to make more concise.

[9] Exact quote from 8th Cir. Civil Jury Instr. Committee Comments at 175 (citations omitted).

## JURY INSTRUCTION NO. 18.

Your verdict must be in favor of Defendant if it has been proved that the accommodations requested by Plaintiff would cause an undue hardship on the operation of the Defendant's business.

The term "undue hardship," as used in these instructions, means an action requiring Defendant to incur significant difficulty or expense when considered in light of the following:

(1)  the nature and cost of the requested accommodations; and

(2)  the overall financial resources of St. Francis Regional Medical Center, the number of persons employed at such facility and the effect on expenses and resources; and

(3)(2)        the overall financial resources of Defendant; and

(4)(3)        the overall size of the business of Defendant with respect to the number of its employees and the number, type and location of its facilities; and

(5)(4)        the type of operation of Defendant, including the composition, structure, and functions of the workforce; and

(6)(5)        the impact on St. Francis Regional Medical Center if Defendant granted Plaintiff her requested accommodations on the operation of the facility, including the impact on the ability of other employees to perform their duties and the impact on the facility's ability to conduct business.[10]

_____

[10] Deleted only to correct inadvertent duplication.

## JURY INSTRUCTION NO. 21.

An employer is entitled to make its own subjective personnel decisions and can discharge an employee for any reason, even a reason that is not wise, fair, or correct, so long as the reason is not discriminatory.[11]

You may not return a verdict for the Plaintiff just because you might disagree with the Defendant's decision to discharge Plaintiff or believe it to be harsh or unreasonable.

---

[11] Blake v. J.C. Penney Co., 894 F.2d 274, 281 (8th Cir. 1992) (affirming jury instruction providing, in part, "An employer is entitled to make its own subjective personnel decisions and can discharge an employee for any reason that is not discriminatory."); Walker v. AT&T Tech., 995 F.2d 846 (8th Cir. 1993) (holding it was reversible error to deny a defendant's request for an instruction explaining that an employer has the right to make subjective personnel decisions for any reason that is not discriminatory); 8th Cir. Civil Jury Instr. § 5.11 (2013) (second paragraph unmodified). As drafted, this is the exact instruction given by the Court in *Jamison v. Allina Health System*, 12-cv-427 (JNE/AJB), Dkt. No. 94 (Dec. 13, 2013).

11

## PROPOSED JURY INSTRUCTION NO. 28

To prevail on her failure to accommodate claim, it must be proved that any accommodations requested by Plaintiff related to the impairments that she claims render her disabled. Put another way, there must be a connection between her visual and hearing impairments and the accommodations she sought.[12]

---

[12] <u>Nuzum v. Ozark Auto Distribs.</u>, 432 F.3d 839, 848 (8th Cir. 2003) ("The right to an accommodation in employment is a separate question from disability. This court has held that a workplace accommodation must be related to the limitation that rendered the person disabled."); <u>Wood v. Crown Redi-Mix, Inc.</u>, 339 F.3d 682, 687 (8th Cir. 2003) ("Where the reasonable accommodation requested is unrelated to the limitation, we do not believe an ADA action may lie. Put another way, there must be a causal connection between the major life activity that is limited and the accommodation sought.").

## PROPOSED JURY INSTRUCTION NO. 29.

In determining whether Plaintiff's impairments substantially limit Plaintiff's ability to perform the major life activities of seeing and hearing, you should compare Plaintiff's ability to see and here with that of the average person. In doing so, you may consider the conditions under which Plaintiff performs the activities, the manner in which Plaintiff performs the activities, and the length of time it takes Plaintiff to perform the activities.

It is not the name of an impairment or a condition that matters, but rather the effect of an impairment or condition on the life of a particular person.[13]

---

[13] 8th Cir. Civil Jury Instr. § 9.22 (modified only to specify major life activities of seeing and hearing).

## PROPOSED JURY INSTRUCTION NO. 28

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.[14]

---

[14] 8th Cir. Civil Jury Instr. § 1.03 (partial) (unmodified).

## PROPOSED JURY INSTRUCTION NO. 29.

It is presumed in the State of Minnesota that employment is "at will." In an at-will employment relationship, both the employer and the employee are generally free to terminate the employment relationship at any time for any reason, good or bad, or no reason at all, so long as the reason is not unlawful.[15]

---

[15] Piekarski v. Home Owners Sav. Bank, F.S.B., 956 F.2d 1484, 1496 (8th Cir. 1992) ("Minnesota has long held that, with limited excepts, an employer can discharge an at-will employee for any reason or no reason."); Martens v. Minn. Min. & Mfg. Co., 616 N.W.2d 732, 741 (Minn. 2000) (holding employment presumed to be at-will under Minnesota law); Pine River State Bank v. Mettille, 333 N.W.2d 622, 627 (Minn. 1983) (explaining "at-will" means "that the employer can summarily dismiss the employee for any reason or no reason");Fisher v. Greater Mpls Chamber of Commerce, No. C9-91-1837, 1992 WL 89527, at *3 (Minn. App. May 5, 1992), rev. denied (Minn. June 30, 1992) (holding trial court's refusal to give instruction on the presumption of at-will employment constituted reversible error).