## JURY INSTRUCTION NO. 1.

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  The instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of trial or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than any other of my instructions.  All instructions, whenever given and whether in writing or not, must be followed.

## JURY INSTRUCTION NO. 2.

As I instructed you before trial, "evidence" includes the testimony of witnesses; documents and other things received as exhibits and those facts that have been stipulated – that is, formally agreed to by the parties.

Certain things are not evidence. I will list those again for you now:

1.      Statements, arguments, questions and comments by lawyers are not evidence.

2.      Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.      Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I told you when that occurred, and instructed you on the purpose for which the item can and cannot be used. Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## JURY INSTRUCTION NO. 3.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

**JURY INSTRUCTION NO. 4.**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.  If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter,  you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**JURY INSTRUCTION NO. 5.**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including individuals and non-profit corporations, stand equal before the law, and are to be treated as equals.

**JURY INSTRUCTION NO. 6.**

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

**JURY INSTRUCTION NO. 7.**

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## JURY INSTRUCTION NO. 8.

The parties have stipulated – that is, they have agreed – that certain facts are as counsel have stated.  You should, therefore, treat those facts as having been proved.

The parties stipulate the following:

- Plaintiff was employed at the St. Francis Regional Medical Center from 1976 to July 2012.

- Plaintiff was born in 1960 with hearing and visual impairments and a heart murmur.

- Plaintiff is deaf in her left ear and wears a hearing aid in her right ear.

- Plaintiff is blind in her right eye, and has limited vision in her left eye.

**JURY INSTRUCTION NO. 9.**

Plaintiff, Debbie Dupont, is disabled within the meaning of the law.

**JURY INSTRUCTION NO. 10.**

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

**JURY INSTRUCTION NO. 11.**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all persons and things mentioned in the evidence in the case.

**JURY INSTRUCTION NO. 12.**

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

During this trial I have asked some questions of witnesses.  Do not try to guess my opinion about any issues in the case based on the questions I asked.

## JURY INSTRUCTION NO. 13.

A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the corporation.

**JURY INSTRUCTION NO. 14.**

Your verdict must be for Plaintiff and against Defendant as to her claim of disability discrimination if all of the following elements have been proved:

*First*, the Plaintiff has vision and hearing impairments.  Plaintiff has established this element;

*Second*, such impairments substantially limited Plaintiff's ability to see and hear.  Plaintiff has established this element;

*Third*, Defendant terminated Plaintiff's employment;

*Fourth*, Plaintiff could have performed the essential functions of the Environmental Services Aide position at the time her position was terminated; and

*Fifth*, Defendant knew of Plaintiff's vision and/or hearing impairments and Plaintiff's vision and/or hearing impairments was a motivating factor in the Defendant's decision to terminate Plaintiff's employment.

If any of the above elements has not been proved, or Defendant has proved that the requested accommodations would cause an undue hardship on the operation of Defendant's business, then your verdict must be for Defendant.

**JURY INSTRUCTION NO. 15.**

In determining whether a job function is essential, you should consider the following factors:  (1) the employer's judgment as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question; (4) consequences of not requiring the person to perform the function; (5) work experience of persons who have held the job; (6) current work experience of persons in similar jobs; (7) whether the reason the position exists is to perform the function; (8) whether there are a limited number of employees available among whom the performance of the function can be distributed; and (9) whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function.

No one factor is necessarily controlling.  You should consider all of the evidence in deciding whether a job function is essential.

The term "essential functions" means the fundamental job duties of the employment position the plaintiff holds or for which the plaintiff has applied. The term "essential functions" does not include the marginal functions of the position.

**JURY INSTRUCTION NO. 16.**

As used in these instructions, Plaintiff's disability was a "motivating factor," if Plaintiff's disability played a part in Defendant's decision to terminate Plaintiff's employment.  However, Plaintiff's disability need not have been the only reason for Defendant's decision to terminate Plaintiff's employment.

**JURY INSTRUCTION NO. 17.**

You may find that Plaintiff's disability was a motivating factor in

Defendant's decision to discharge Plaintiff if it has been proved that Defendant's

stated reasons for its decision are not the real reason, but are a pretext to hide

disability discrimination.

**JURY INSTRUCTION NO. 18.**

Your verdict must be for Plaintiff and against Defendant as to her failure to accommodate claim if all of the following elements have been proved:

*First*, Plaintiff has vision and hearing impairments.  Plaintiff has established this element;

*Second,* Plaintiff's vision and hearing impairments substantially limited her ability to see and hear.  Plaintiff has established this element;

*Third*, Defendant knew of the Plaintiff's impairments;

*Fourth*, Plaintiff could have performed the essential functions of her job at the time Defendant discharged Plaintiff if she had been provided with reasonable accommodation;

*Fifth*, providing such accommodation would have been reasonable; and

*Sixth*, Defendant failed to provide Plaintiff with any reasonable accommodation.

If any of the above elements has not been proved, or Defendant has proved that the requested accommodations would cause an undue hardship on the operation of Defendant's business, then your verdict must be for Defendant.

19

**JURY INSTRUCTION NO. 19.**

The term "accommodation" means making modifications to the work

place that allows a person with a disability to perform the essential functions of

the job or allows a person with a disability to enjoy the same benefits and

privileges as an employee without a disability.

A "reasonable" accommodation is one that could reasonably be made

under the circumstances and may include but is not limited to:  making existing

facilities used by employees readily accessible to and usable by individuals with

disabilities; job restructuring; part-time or modified work schedules;

reassignment to a vacant position; acquisition or modifications of equipment or

devices; appropriate adjustment or modifications of examinations, training

materials, or policies; the provision of qualified readers or interpreters; and

other similar accommodations for individuals with disabilities.

## JURY INSTRUCTION NO. 20.

Your verdict must be in favor of Defendant if it has been proved that the accommodations requested by Plaintiff  would cause an undue hardship on the operation of the Defendant's business.

The term "undue hardship," as used in these instructions, means an action requiring Defendant to incur significant difficulty or expense when considered in light of the following:

(1) the nature and cost of the requested accommodations;

(2) the overall financial resources of St. Francis Regional Medical Center, the number of persons employed at such facility and the effect on expenses and resources; and

(3) the overall financial resources of Defendant; and

(4) the overall size of the business of Defendant with respect to the number of its employees and the number, type and location of its facilities; and

(5) the type of operation of Defendant, including the composition, structure, and functions of the workforce; and

(6) the impact on St. Francis Regional Medical Center if Defendant granted Plaintiff her requested accommodations on the operation of the facility,

including the impact on the ability of other employees to perform their duties

and the impact on the facility's ability to conduct business.

**JURY INSTRUCTION NO. 21.**

If you find in favor of Plaintiff on her claim of failure to accommodate,

then you must answer the following question in the verdict form: Do you find

that Defendant made a good faith effort and consulted with Plaintiff, to identify

and make a reasonable accommodation?

**JURY INSTRUCTION NO. 22.**

Your verdict must be for Plaintiff and against Defendant on Plaintiff's

retaliation claim if all the following elements have been proved:

*First*, Plaintiff complained to Defendant that she was being discriminated

against on the basis of her disability;

*Second*, Plaintiff reasonably believed that she was being discriminated

against on the basis of her disability;

*Third*, Defendant discharged Plaintiff; and

*Fourth*, Plaintiff's complaint of disability discrimination was a motivating

factor in Defendant's decision to discharge Plaintiff.

If any of the above elements has not been proved, your verdict must be for

Defendant and you need not proceed further in considering this claim.

**JURY INSTRUCTION NO. 23.**

An employer is entitled to make its own subjective personnel decisions and can discharge an employee for any reason, even a reason that is not wise, fair, or correct, so long as the reason is not discriminatory.

You may not return a verdict for the Plaintiff just because you might disagree with the Defendant's decision to discharge Plaintiff or believe it to be harsh or unreasonable.

**JURY INSTRUCTION NO. 24.**

If you find in favor of Plaintiff under either Instruction Nos. 14, 18, or 22,

then you must award Plaintiff such sum as you find will fairly and justly

compensate Plaintiff for any damages you find Plaintiff sustained as a direct

result of Defendant's decision to discharge Plaintiff.  Plaintiff's claim for

damages includes three distinct types of damages and you must consider them

separately.

*First*, you must determine the amount of any wages and fringe benefits

Plaintiff would have earned in her employment with Defendant if she had not

been discharged on July 19, 2012 through the date of your verdict, *minus* the

amount of earnings and benefits that Plaintiff received from other employment

during that time.

*Second,* you must determine the amount of wages and employment

benefits Plaintiff would have earned in her employment with Defendant if she

had not been discharged after the date of your verdict and into the future, for a

period of time you find reasonable, *minus* the amount of earnings and benefits

that Plaintiff is likely to receive from other employment during that time.

*Third*, you must determine the amount of any other damages sustained by

Plaintiff, such as emotional distress and mental anguish.  You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that Plaintiff has a duty under the law to "mitigate" her damages--that is, to exercise reasonable diligence under the circumstances to minimize her damages.  Therefore, if it has been proved that Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

**JURY INSTRUCTION NO. 25.**

There has been some evidence regarding Plaintiff's attempts to seek

unemployment benefits.  You shall not consider any possible receipt of

unemployment benefits in deciding what amount of damages, if any, to award

Plaintiff.

**JURY INSTRUCTION NO. 26.**

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of Plaintiff under Instruction Nos. 14, 18, or 22, then you must decide whether Defendant acted with malice or reckless indifference to Plaintiff's right not to be discriminated against on the basis of a disability. Defendant acted with malice or reckless indifference if Plaintiff has proved by the greater weight of the evidence that Defendant knew that Plaintiff's termination, or Defendant's failure to accommodate Plaintiff's disability, was in violation of the law, or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proved that Defendant made a good-faith effort to comply with the law prohibiting disability discrimination.

If it has been proved that Defendant acted with malice or reckless indifference to Plaintiff's rights and did not make a good faith effort to comply with the law, then, in addition to any other damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages for the purposes of punishing Defendant for engaging in

29

such misconduct and deterring Defendant and others from engaging in such misconduct in the future.  You should presume that Plaintiff has been made whole for her injuries by the damages awarded under Instruction 24.

In determining whether to award punitive damages, you should consider whether Defendant's conduct was reprehensible.  In this regard, you may consider whether the harm suffered by Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether Defendant's conduct that harmed Plaintiff also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Plaintiff.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.  how much harm Defendant's wrongful conduct caused Plaintiff and could cause Plaintiff in the future.  You may not consider harm to others in deciding the amount of punitive damages to award.

2.  what amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant's financial condition, to

punish Defendant for its wrongful conduct toward Plaintiff and to deter

Defendant and others from similar wrongful conduct in the future;

The amount of any punitive damages award should bear a reasonable

relationship to the harm caused to Plaintiff.

You may assess punitive damages against Defendant or you may refuse to

impose punitive damages.

**JURY INSTRUCTION NO. 27.**

The fact that I have instructed you as to the proper measure of damages

should not be considered as intimating any view of mine as to which party is

entitled to your verdict in this case.  Instructions as to the measure of damages

are given for your guidance, in the event you should find in favor of Plaintiff

from the greater weight of the evidence in the case in accordance with the other

instructions.

## JURY INSTRUCTION NO. 28.

In conducting your deliberations and returning your verdict, there are

certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members

as your foreperson.  That person will preside over your discussions and speak

for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in

the jury room.  You should try to reach agreement if you can do so without

violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after

you have considered all the evidence, discussed it fully with your fellow jurors,

and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you

that you should, but do not come to a decision simply because other jurors think

it is right, or simply to reach a verdict.  Remember at all times that you are not

partisans.  You are judges—judges of the facts.  Your sole interest is to seek the

truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you

may send a note to me through the marshal or the Court Security Officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Fifth*, during deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors

during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

*Finally*, I am giving you the verdict form.  A verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form and date it, all jurors will sign it, and the foreperson will advise the Court Security Officer that you are ready to return to the courtroom.